<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY P. FOLEY, | : | |
| | : | Civil Action No. 13-1679 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| P.O. J. CHRYSLER, JR., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

TIMOTHY P. FOLEY, Plaintiff <u>pro se</u>
#719575 SBI# 549365B
Bayside State Prison
4293 Rt. 47, P.O. Box F-2
Leesburg, New Jersey 08327

**WIGENTON**, District Judge

Plaintiff, Timothy P. Foley Montgomery, a state inmate presently confined at the Bayside State Prison in Leesburg, New Jersey, seeks to bring this action *in forma pauperis*. This action was administratively terminated by Order entered on May 17, 2013, because Plaintiff's application to proceed *in forma pauperis* ("IFP") was deficient. The Order allowed Plaintiff the opportunity to re-open his case if he submitted a complete IFP application with his six-month prison account statement, as required under 28 U.S.C. § 1915(a)(2), or the requisite filing fee. (ECF No. 3.) On June 18, 2013, Plaintiff wrote to the Court asking for a 30-day extension to submit his IFP application because he was waiting for the prison officials to provide his six-

month prison account statement.  (ECF No. 3.)  This Court granted the 30-day extension and the case was administratively terminated again on July 10, 2013.  (ECF No. 4.)  On July 17, 2013, Plaintiff submitted a complete IFP application and asked to have his case re-opened.  (ECF N. 5.)  Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to re-open this action and file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, Timothy P. Foley ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following Defendants:  Police Officers J. Chrysler, Jr., Escaleria and Jose Martinez, and Lieutenant John Doe, all employed with the Elizabeth Police Department; Union County Public Defenders Sheila Tobin, Esq., Wayne Morse, Esq. and Peter Liguori, Esq.; and 6 to 10 unknown defendants.  (ECF No. 1, Complaint, Caption, ¶¶ 4b-h.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on March 19, 2011, Defendants Chrysler, Escaleria and Martinez denied Plaintiff's "Fourth Amendment protection from arrest but upon probable cause by failing to secure the video surveillance of the area where the alleged incident [robbery] occurred."  (*Id*. at ¶ 6(1).)  Plaintiff claims that "no facts existed to support" the second degree robbery charge.

2

(*Id.*)  Plaintiff further alleges that Lt. John Doe, while "acting in his supervisory role, failed to prevent the above named" police officer Defendants from violating Plaintiff's Fourth Amendment right to be free from false arrest.  (*Id*. at ¶ 6(2).)

Finally, Plaintiff alleges that the public defenders representing him during his state criminal proceedings failed to protect Plaintiff's due process rights and provided ineffective assistance of counsel in violation of Plaintiff's rights under the Sixth Amendment.  Namely, Plaintiff alleges that Defendants Tobin, Morse and Liguori failed to present exculpatory evidence during trial.  (*Id*, ¶ 6(3).)

Plaintiff seeks dismissal of the criminal charges and $2 million in compensatory and punitive damages for each year he has been incarcerated.  (*Id*., ¶ 7.)

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Accordingly, because Plaintiff is a prisoner proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Aruanno v. Green*, 527 F. App'x 145, 147 (3d

Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement."   *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.   *West v. Atkins*, 487 U.S.

42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

IV.  DISCUSSION

A.  False Arrest and False Imprisonment Claim

Plaintiff first asserts that the Defendant police officials violated his Fourth Amendment rights by arresting Plaintiff on no evidence of robbery and by failing to preserve video surveillance footage of the robbery scene.  Plaintiff also alleges that the police Defendants "conspired with witnesses to provide false statements against Plaintiff" regarding the robbery charge.  Plaintiff attaches copies of letters from his defense counsel in his state criminal proceedings that confirm there was "some evidence" of the robbery charge because Plaintiff was "caught in possession" of stolen items and "the police say [Plaintiff] struggled against them." (ECF No. 1 at p. 12, July 19, 2011 Letter from Sheila Tobin to Plaintiff.)  Plaintiff also attaches an Investigation Report from the Union County Prosecutor's Office, dated September 7, 2011, confirming that an investigator had met with a security guard at the Rite Aid to obtain surveillance video and was informed that "computer services from Rite Aid corporate came into their store approximately two months ago and replaced all of their surveillance equipment," so no surveillance footage from March 19, 2011 could be retrieved.  (*Id*. at p. 14.)

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *Islam v. City of Bridgeton*, 804 F. Supp.2d 190, 197 (D.N.J. 2011).  A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently

5

detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198,

201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false

imprisonment in this context is derivative of a claim for arrest without probable cause. *See*

*Johnson v. Camden Cnty. Prosecutors' Office*, Civil No. 11–3588, 2012 WL 273887, * 4 n. 2

(D.N.J. Jan.31, 2012) (citing *Groman*, 47 F.3d at 636); *see also Wallace v. Kato*, 549 U.S. 384,

388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.").

"'Probable cause to arrest exists when the facts and the circumstances within the arresting

officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an

offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin*

*Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d

480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't.*, 502 F. App'x 225, 228 (3d Cir.

2012) (citation omitted). The arresting officer must only reasonably believe at the time of the

arrest that an offense is being committed, a significantly lower burden than proving guilt at trial.

*See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at

228 (citation omitted).

Probable cause demands more than "mere suspicion; however, it does not require ...

evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti*, 71 F.3d at  482–83

(citing *United States v. Glasser*, 750 F.2d 1197, 1205 (3d. Cir. 1984)); *see also Wilson v. Russo*,

212 F.3d 781, 789 (3d Cir. 2000) (holding probable cause requires only a "fair probability" that a

person committed the relevant crime). The validity of the arrest is not dependent on whether the

suspect actually committed the crime; rather, what matters is whether, when considering the

totality of the circumstances at the time of the arrest, "the objective facts available to the officers

6

... were sufficient to justify a reasonable belief that an offense was being committed." *Glasser*, 750 F.2d at 1206 (citing *Beck v. Ohio*, 379 U.S. 89, 96 (1964)).

In this case, it is plain that the Defendant police officers had probable cause to arrest Plaintiff, as they apprehended him with stolen items from the robbery in his possession.  Thus, this Court finds that Plaintiff has failed to state a claim for relief against the police officer Defendants with respect to his allegations of false arrest.

Moreover, because Plaintiff appears to have been convicted on the charge he wishes to "dismiss,", Plaintiff's false arrest claim ostensibly seeks to invalidate that state court conviction. Indeed, a judgment in Plaintiff's favor on the false arrest claim, in which he claims lack of evidence, would necessarily imply the invalidity of his conviction.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Accordingly, Plaintiff's § 1983action seeking damages and dismissal of his criminal charges must be dismissed pursuant to *Heck*, which holds that such dismissal is mandatory "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.  *See also Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012); *Schweitzer v. United States*, Civil No. 08–1806, 2011 WL 4435850, at *3 (E.D.Pa. Sept. 21, 2011), *appeal dismissed*, 457 F. App'x 78 (3d Cir. 2012) ("Peppered throughout the complaints are his claims that he is innocent, was wrongly convicted ... it is clear his underlying purpose is to argue that Defendants' alleged unlawful conduct led to his criminal convictions ... his action is barred because he clearly challenges the lawfulness of his convictions.").

Likewise, Plaintiff's allegations against the police officials regarding their failure to retain the surveillance video will be dismissed because the claim is clearly arguing that the Defendants' allegedly wrongful conduct led to Plaintiff's conviction, and such conviction has not been invalidated.  *Id*.

Finally, Plaintiff's bare allegations of a conspiracy by police officials to have witnesses provide false statements against Plaintiff must be dismissed for failure to state a claim at this time.  To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136 (3d Cir. 2013) (internal citations omitted).  To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010).  The complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." *Twombly*, 550 U.S. at 557.  Here, Plaintiff's Complaint utterly fails to allege any facts to support a conspiracy claim.  *See Mala*, 704 F.3d at 245 (holding that "pro se litigants still must allege sufficient facts in their complaints to support a claim").  Therefore, this conspiracy claim must be dismissed without prejudice on this ground, but also because the claim seeks to invalidate Plaintiff's conviction.

In sum, the Complaint is dismissed without prejudice,[1] in its entirety, as to all claims asserted against police official Defendants Chrysler, Escaleria, Martinez, and  Unknown Lieutenant, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this time.

---

[1] This dismissal is without prejudice to Plaintiff filing an amended Complaint to cure the deficiencies of his pleading as discussed above.  Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013)(collecting cases).  *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*

B.  Claim Against Public Defender Defendants

Next, Plaintiff asserts ineffective assistance of counsel claims against the public defender Defendants, Tobin, Morse and Liguori, who represented Plaintiff during his state criminal proceedings and trial.   While not "immune" from suit or liability, an attorney may be entitled to dismissal of constitutional challenges on the ground that they fail to state a color-of-law claim. This is so because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  Paramount here, the color-of-law requirement does not distinguish between privately-retained and appointed counsel. Thus, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk*, 454 U.S. at 325.

Moreover, these ineffective assistance of counsel claims simply challenge Plaintiff's conviction, and thus, are not cognizable in a § 1983 action.    In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In *Preiser*, state prisoners who lost good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of these credits.  *See id*. at 476.  The Supreme Court, however, held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Id*. at 500.

In *Heck*, the Supreme Court addressed a corollary question to that presented in *Preiser*, *i.e.*, whether a prisoner could implicitly challenge the constitutionality of his conviction in a §

1983 suit seeking only damages (a form of relief not available through a habeas corpus proceeding). Again, as discussed above, the Court rejected § 1983 as a vehicle to implicitly challenge the lawfulness of a criminal judgment. The Court expressly stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (footnote omitted).

In light of a prisoner's inability to initiate a valid § 1983 action for wrongful conviction until and unless such conviction is overturned, *Heck* coined the concept of prematurity, pursuant to which "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated" by a habeas writ or state court determination. *Id*. at 489–90.

In the present case, it appears that Plaintiff has been convicted of the charge he seeks to "dismiss" in this action. The New Jersey Department of Corrections internet site for offender searches shows that Plaintiff was convicted on February 10, 2012 as to the March 19, 2011 offense at issue in this case. *See* http://www6.state.nj.us/DOC_Inmate/details?x=1074026&n=0. Plaintiff does not allege that his conviction has been overturned, or that he has even appealed his conviction in state court. Thus, Plaintiff has failed to exhaust his state court remedies necessary to file a habeas petition under 28 U.S.C. § 2254. Consequently, since Plaintiff's conviction has not yet been invalidated by either direct review in state court or federal habeas review, his § 1983

claim for damages against the  public defender Defendants is premature and must be dismissed without prejudice at this time.

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, as against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.


 *s/ Susan D. Wigenton*____
SUSAN D. WIGENTON
United States District Judge

Dated: March 28, 2014